GARRICK S. LEW  SBN # 61889
Law Offices of Garrick S. Lew & Associates
600 Townsend Street Suite 329 E
San Francisco, CA 94103
Telephone:    (415) 575-3588
Fasimile:     (415) 522-1506

Attorney for Defendant
David Duckart

FILED
JUL 1 9 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>vs.<br>DAVID DUCKART,<br>　　　　　Defendant. | CR No. 98-40120   SBA<br>CR No. 06-00472   SBA<br>CR No. 06-00824   SBA<br><br>STIPULATION OF PARTIES MODIFYING SPECIAL CONDITIONS OF PRETRIAL RELEASE |

　　　　The United States, through its counsel AUSA George Bevan, and defendant David Duckart, through his counsel Garrick S. Lew, hereby agree and stipulate to modify the following Special Conditions of pretrial release as set forth below:

1.　　Defendant shall be entitled to resubscribe to DSL\High Speed internet service at his residence for the primary purpose of communicating and transferring electronically stored data to defense and tax counsel [to help] prepare his defense.

2.　　Defendant's laptop computer shall be returned to him for the purpose of reviewing information on a USB hard drive containing a mirrored image of a computer hard drive seized by government at the time of defendant's arrest.

3.　　Defendant shall not view, access or use any online gambling or bookmaking websites or services on the internet. Defendant is prohibited from engaging in any online betting, wagering or bookmaking activity.

4.　　Pretrial services shall install monitoring software on defendant's laptop computer to insure that

cc: WDB's Stats, Financial, Lisa; Copy to parties via ECF, Pretrial.

1  defendant does not view or access prohibited gambling or bookmaking websites or services and shall
2  regularly monitor\inspect defendant's usage of his laptop computer.

**Factual Basis for Proposed Modification of Pretrial Release Terms**

Defendant's residence and second home have jeopardy tax assessment liens recorded against title. Defendant's stocks accounts valued at approximately $1.2 million have been seized and liquidated by the IRS. Defendant is facing over $5,000,000 in excise and income tax jeopardy assessments. Defendant needs to provide defense and tax counsel with financial information pertaining to his income, expenses, commissions, fee splits, losses, debts, loans, stock transactions and real estate transactions to help determine defendant's actual tax liabilities. Defendant cannot do so without the use of a computer to review the mirrored hard drive that contains financial information and data pertaining to the business activities and financial transactions that defendant engaged in prior to his arrests. Once that information is located on the hard drive defendant needs to provide the same to his tax counsel in Los Angeles and defense counsel in San Francisco. Defendant remains on 24\7 house arrest\detention in San Ramon and does not have office and copy service support at his residence to process the electronic data into hard copies to distribute to counsel. The fastest and easiest way to transfer the electronic information to respective counsel is by electronic file transfers using a computer and the internet.

Pretrial services officer Richard Sarlatte has been informed of the need for this proposed modification of pretrial release terms and has computer monitoring software that can be installed on defendant's laptop to prevent and detect if defendant improperly accesses gambling\bookmaking websites on the internet.

The parties have agreed to a global settlement conference on August 15, 2007 and defendant needs to assist counsel in preparing for the settlement meeting.

**So Stipulated.**

Dated: July ___, 2007

_____/s/_____
George L. Bevan, Jr.
Assistant United States Attorney

Dated: July 13, 2007

/s/
Garrick S. Lew
Attorney for Defendant David Duckart

SO ORDERED.

Dated: July 19, 2007

Wayne D. Brazil
United States Magistrate Judge